09-4881-ag
Chen v. Holder

BIA
Vomacka, IJ
A099 612 190

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:
>        JON O. NEWMAN,
>        JOHN M. WALKER JR.,
>        REENA RAGGI,
>             *Circuit Judges*.

_____

JIAN HUA CHEN,
>        *Petitioner*,

>        v.                                09-4881-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL; BOARD OF IMMIGRATION
APPEALS,
>        *Respondents*.

_____

FOR PETITIONER:          Henry Zhang, Zhang and Associates, P.C., New York, New York.

**FOR RESPONDENTS:**       Tony West, Assistant Attorney
General; James E. Grimes, Senior
Litigation Counsel; Gregory M.
Kelch, Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Hua Chen, a native and citizen of China, seeks review of an October 28, 2009 order of the BIA affirming the January 28, 2008 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Jian Hua Chen*, No. A099 612 190 (B.I.A. Oct. 28, 2009), *aff'g* No. A099 612 190  (Immig. Ct. N.Y. City Jan. 28, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions for the sake of completeness.  *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu*

*Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Chen failed to provide a credible claim for asylum. First, we defer to the IJ's finding that Chen's hesitant and unresponsive demeanor undermined her credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *see also Shu Wen Sun v. Board of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007). Second, the IJ reasonably determined that Chen's account of her arrival to and exit from the Houston airport without encountering immigration officials was implausible. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007). Third, the IJ reasonably discounted Chen's testimony and that of her supporting witness due to internal inconsistencies. Finally, the IJ reasonably relied on Chen's failure to provide corroboration that she indicated was available to support her questionable testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Although the IJ's conclusion that Chen's abortion might have been voluntary was speculative, *see Siewe*, 480 F.3d at 167-68, no remand is warranted because the burden of demonstrating such past persecution rested on Chen and the totality of the

record amply supports the IJ's finding that this claim was not credible. *See Xiao Ji Chen*, 471 F.3d at 339 (explaining that "[t]he overarching test for deeming a remand futile" is whether the reviewing court can "confidently predict" that the agency would reach the same decision absent the errors that were made); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Because Chen failed credibly to demonstrate her past violation of China's one-child policy, her claimed fear of future persecution based upon a professed desire to have additional children is too speculative to compel relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Chen's inability to show the objective likelihood of persecution needed to make out an asylum claim means she necessarily failed to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). Finally, we deem any challenge to the agency's denial of Chen's CAT claim waived because Chen has not pursued that issue in her brief to this court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541

n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk